SAVOY, Judge.
This is an appeal by plaintiff from a . judgment dismissing his claim for compensation benefits.
The evidence in the record is short and consists of the medical testimony of four medical experts.
The trial judge has analyzed the evidence thoroughly, and after reviewing the record in the instant case, this Court adopts his opinion, .as follows, as its own:
“The issues in this workman’s compensation case are limited to the following questions :
“(1) Was Benson Cloud, Jr., the plaintiff, disabled from the accident which occurred on or about October 1, 1961, for a period in excess of six days?
“(2) If so, what was the extent of his disability, and
“(3) If plaintiff is entitled to recover, . is he also entitled to penalties and attorney’s fees?
“Plaintiff was employed by Sharman, Allen, Gay & Taylor, Inc., to do hard manual labor in connection with the laying of a pipeline. He had been employed for approximately two months prior to the accident in connection with the ‘tie-in’ portion of the operation. This operation is one of the more strenuous jobs in connection with pipeline construction work.
“Although there is some question as to the exact date of the accident, this court concludes that on September 30, 1961, plaintiff, while riding on a tractor, was hit on the left front side of his neck by a broken cable. Although plaintiff and one of his witnesses testified that the accident was quite severe, and, in fact, stunned the plaintiff, plaintiff continued to work for the rest of the day. On the following day, October 1, 1961, a Sunday, plaintiff went to see a company doctor, Dr. Roy A. Rose of Amite, Louisiana. Dr. Rose found a brush burn or laceration on the neck and some muscle injury. He prescribed pain pills and gave plaintiff a tetanus injection. It was Dr. Rose’s opinion that plaintiff could return to work on October 4, 1961.
“Plaintiff did return to work the next day and continued working with tie-ins until that portion of the work was completed three days later. He then worked with a cleaning machine, and also he was swamper on a fuel truck. Plaintiff made it abundantly clear by his testimony that he never complained of pain nor did he ever ask for lighter work. Although the record is not completely clear on this question, during cross-examination plaintiff stated that he was laid off at the end of the job. However, he also testified on direct examination that he stopped because his neck and back hurt.
“Plaintiff returned to- his home in Oak-dale and found employment with another pipeline company. After he stopped work for this company he then consulted his attorney who referred him to Dr. Donald Vessley, a physician in Oakdale, Louisiana. The evidence developed that plaintiff’s home was either next door, or not far from the home of Dr. Vessley. It is noted that Dr. Vessley was plaintiff’s family physician, but that plaintiff did not go to see him nor mention his injuries until he was referred to the doctor on November 17, 1961, by his attorney. Plaintiff was seen by Dr. Vessley in Dr. Vessley’s office on November 17, 20 and 24, 1961, and on January 6, March 7, April 7 and 11, in 1962. Because plaintiff was complaining ‘over the back yard fence’ to Dr. Vessley that he had not recovered, on November 6, 1962, Dr. Ves-sley hospitalized the plaintiff for a thorough examination. On November 9, 1962, Dr. Vessley discharged the plaintiff, concluding that plaintiff had no objective symptoms of disability.
“The defendant made numerous efforts to have the plaintiff examined and several appointments were not honored by the plaintiff. Dr. C. V. Hatchette, orthopedic *610 surgeon, and Dr. Faulk, neurosurgeon, both found the plaintiff completely free of any objective symptoms of disability.
“It is this court’s opinion that the plaintiff has failed to carry the burden of proving that he suffered any disability beyond six days resulting from the injury which' occurred on or about October 1, 1961.”
For the reasons herein assigned, the judgment of the district court is affirmed.
Appellants to pay the costs of this appeal.
Affirmed.